IGNATZ RATKEWICZ and AMELIA RATKEWICZ, his wife, complainants-respondents,

*v.*

FRAMISCK KARA and CAROLINA KARA, his wife, defendants-appellants.

[Decided May 3d, 1918.]

1. A defective title is no defence to a purchase-money mortgage nor is it ground for abatement in price in the absence of fraud or eviction.

2. The right of a vendor to sue an adjoining owner for an encroachment on land sold passes to a purchaser.

3. The ordinary covenants in a deed are against lawful and paramount encumbrances and do not apply to a case where an adjoining landowner encroaches on the vendee's possession.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Griffin, reported in *88 N. J. Eq. 201.*

*Mr. Robert S. Hartgrove,* for the appellants.

*Mr. Adrian D. Sullivan* and *Mr. Albert K. Condit,* for the respondents.

The opinion of the court was delivered by

KALISCH, J.

The complainants gave to the defendants a warranty deed, containing the usual covenants of seizin, right to convey, quiet enjoyment, further assurance and warranty, and as part of the consideration money of·the conveyance of the premises took a mortgage thereon for $300.

The defendants having defaulted in the payment of the mortgage, complainants brought foreclosure proceedings, and no answer or plea being filed by the defendants, the proceedings eventually terminated in a decree for the complainants.

The defendants, upon a rule to show cause, allowed in the court of chancery, sought permission to answer out of time in order to set up by way of abatement of the purchase price, and as a defence to the foreclosure, that defendants had brought an action of ejectment against an adjoining owner, the foundation of whose building, at the time of the conveyance, was nine inches over the line of the premises conveyed, and recovered six cents damages and costs and entered a judgment for that amount.

The vice-chancellor discharged the rule. This was right.

Even a defective title is no defence to the foreclosure of a purchase-money mortgage or ground of abatement of price, in the absence of fraud or eviction. *Hulfish* v. *O'Brien, 20 N. J. Eq. 230;* affirmed by this court in *22 N. J. Eq. 471.* An outstanding title or encumbrance is no defence without actual or constructive eviction. *Glenn* v. *Whipple, 12 N. J. Eq. 50.*

The covenants in the deed are against paramount, lawful claims. *Washb. Real Prop. 660.* Here there was no lawful right outstanding. The vendee got the right of possession which is what is covenanted.

What happened was that a trespasser had wronged the vendor who could eject him with mesne profits—that legal right passed to the vendee who exercised his right and brought ejectment which confirmed (not destroyed) his title.

No doubt an agreement might have been made by which the vendor would pay the expense, but the ordinary covenants do not cover such a case—they are against lawful and paramount encumbrances. See Conveyance act. *2 Comp. Stat. p. 1571* §§ *109, 110.*

The order discharging the rule to show cause is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.