Complainant seeks a decree for the specific performance of a contract by which defendant agreed to purchase the premises known as No. 161 New Brunswick avenue, in Perth Amboy. *Page 539 
The case has been submitted on the pleadings and a stipulation of facts, and from these it appears that the contract was originally made on January 4th, 1924, with one Harry Breslow, who assigned the contract to defendant with complainant's consent, on April 2d. By the terms of a supplemental contract, made on April 2d, between complainants and defendant, an additional payment of $1,000 was made by defendant, on account of the purchase price. The date for closing and passing title was extended to May 2d 1924, and this time was expressly made of the essence of the contract.
On April 6th the defendant, with the consent of Mr. Morris, one of the complainants, was given the keys and locked up the premises and entered into possession, to the extent, at least, of renting the apartment on the second floor, and he collected two months' rent from the tenant and has retained this money.
On May 2d, when the parties met to close the title, defendant refused to perform the contract and to accept the deed complainants tendered him, claiming the premises were subject to an encroachment by the adjoining property owner on the south.
This property on the south is known as No. 159 New Brunswick avenue; it is owned by one Frank Van Syckle, who erected a garage and automobile salesroom building thereon, about ten years ago. In connection with the use of this building, Van Syckle built at, and in front of, the northerly end of the building, across the sidewalk on New Brunswick avenue, and at right angles to the curb line thereof, a driveway, which is slightly sunken or depressed at the curb, for the use of himself and his patrons who use the same daily. This driveway is clearly shown and defined on the ground, and is visible to anyone on or near the premises in question, and to anyone using the sidewalk in front of the same.
The property lines on New Brunswick avenue are not at right angles to the line of the street, and defendant's contention is that under the contract he is entitled to have the *Page 540 
side lines of the property run not only to the side of the street; but under the authority of Winter v. Peterson,24 N.J. Law 524; Salter v. Jonas, 39 N.J. Law 469, and later cases, he is entitled to have, by implication of law, the lines of the property extend to the centre line of the street, subject only to the easement of public use; and his claim is that, by reason of the existence of the Van Syckle driveway, he would be unable to extend or prolong to the centre of the street the sidelines of the property on the same acute or obtuse angle which they bear to the lines of the street, although admittedly such extension or prolongation could be made, at right angles to the street lines, without any interference from the Van Syckle driveway.
Counsel have argued extensively in favor of a right angle or an obtuse angle prolongation of the side lines of the lot, but in the present situation I consider such a discussion without merit, because, for all practical purposes, defendant has at least, two courses open to him to insure the title and full enjoyment of the property, if he cares to adopt them.
Admittedly, the Van Syckle driveway does not in any way interfere with the use and enjoyment of the property, and in its present location it never will, until the street is vacated, and the owner of the premises attempts to make use of his share of the vacated street, and to extend the side lines of his lot to that point.
It is further admitted that the Van Syckle driveway is only about ten years old, and there is therefore no prescriptive right or lawful easement for it in any way affecting the title to, or to the enjoyment of, the premises in question; furthermore, if defendant's contention is correct, then Van Sickle, in maintaining the driveway, is a mere trespasser, and his trespass would not constitute an encroachment nor affect the title to the property in any way, as the covenants in the contract are against paramount and lawful claims only. Ratkewicz v. Kara, 89 N.J. Eq. 203.
It is well settled that the owner of the premises in question has no special rights in the use of the street and sidewalk in front of the property that are paramount to the *Page 541 
rights of the public. Clausen v. DeMedina, 82 N.J. Law 491;Kennelly v. Jersey City, 57 N.J. Law 293.
The defendant is a resident of Perth Amboy; he is well acquainted with the fact, which is a matter of common knowledge, that New Brunswick avenue is a much-traveled highway. He knew of the existence of the Van Syckle driveway before he made this contract. This contract was fairly procured, without fraud, misrepresentation or the suppression of any material fact, and its enforcement will work no injustice or hardship. Plummer v.Keppler, 26 N.J. Eq. 481; Hummer v. Buerk, 90 N.J. Eq. 102.
The facts do not show this driveway to be an encroachment upon the property, and if it were, it is so unimportant, and its effect and consequences are so remote, that equity will not permit the defendant to break his contract for such an immaterial defect. Herring v. Eposito, 94 N.J. Eq. 348; Scheinman v.Bloch, 117 Atl. Rep. 389; affirmed, 119 Atl. Rep. 926.
A decree will be advised for complainants.