The town of Montclair purchased a strip of land adjoining complainant's store and premises, and laid out Park street from Bloomfield avenue southerly to the next street, Church street, and as a result the complainant's property became a corner lot — the southeast corner of Bloomfield avenue and Park street. The new street is but forty-five feet wide, the length of complainant's lot, and from the rear of its lot to Church street it has a width of eighth-eight feet. When the street was laid out in 1924 the ordinance provided for a seven and one-half foot sidewalk on either side of the street. The town put down a wooden curb, with cinder filling for a sidewalk, on complainant's side. The owners of property on the westerly side of the street built stores facing the street and put down cement pavements eleven feet wide. The town then negotiated with the complainant for its property, to widen the street, but upon a referendum the voters rejected the ordinance to purchase, and it was later repealed. Efforts were then had to acquire a portion of the complainant's lot, but they have been unsuccessful. In this impasse, and to meet the pressing demands of vehicular traffic at this point, the town, in 1927, passed an ordinance reducing the sidewalk on the complainant's side, along its lot, to a width of eighteen inches, and on the opposite, the west side, to seven and one-half feet. The bill is to restrain the town from carrying the ordinance into effect, on the ground that its execution will deprive the complainant of an easement in the sidewalk without just compensation, and that the ordinance is oppressive and was adopted in bad faith.
The issues raise purely legal questions. The town authorities are acting lawfully, not tortiously, pursuant to a duly enacted ordinance, authorized by law (Home Rule Act, Cum. *Page 224 Supp. Comp. Stat. p. 2194), and if the ordinance invades the complainant's right it has an adequate remedy at law bycertiorari. The supreme court is the established tribunal for the supervision and correction of official proceedings of municipalities of the state. Tucker v. Burlington, 1 N.J. Eq. 282; Holmes v. Jersey City, 12 N.J. Eq. 299; Bloomfield v.Glen Ridge, 55 N.J. Eq. 505; Berdan v. Passaic ValleyCommissioners, 82 N.J. Eq. 235; affirmed, 83 N.J. Eq. 340. A writ of certiorari operates as a stay. West Jersey TractionCo. v. Camden, 58 N.J. Law 536. In Morris Canal, c., Co. v.Jersey City, 12 N.J. Eq. 252 (reversed, Ibid. 547, on the merits), equity took jurisdiction to restrain an ordinance toopen a street in the assertion of a right under a dedication. The case does not involve review by equity of an ordinance for laying out a street under legislative authority.
Irreparable injury, an equity jurisdiction, is not present. The ordinance opening Park street, with a sidewalk along the complainant's lot, thereby creating a corner lot, obviously added vastly to the value of complainant's property, and the intended cutting down of the width of the sidewalk will, to some extent, diminish this. The complainant acquired no vested right in the sidewalk as against the state or the town. The town gave and the town may take, under the law. Kean v. Elizabeth,54 N.J. Law 462; Newark v. Hatt, 77 N.J. Law 48; 79 N.J. Law 548. It may, indeed, vacate the street entirely, and if it should it would simply restore the status quo ante of the complainant's lot. Cutting down or wholly taking away the sidewalk would not be an irreparable injury. Cross v. Morristown, 18 N.J. Eq. 305. The complainant will suffer no special damage. There are no approaches to the building from the sidewalk. The only use made of the sidewalk by the complainant was as a way in common with the public.
Equity, of course, may intervene in case of fraud, but it will refrain from exercising its jurisdiction if relief may be afforded at law. Commercial Casualty Insurance Co. v. SouthernSurety Co., 100 N.J. Eq. 92; affirmed, 101 N.J. *Page 225 Eq. 738. If the fraud alleged were made out and were actionable, it could be inquired into on a certiorari and the injury adequately remedied. Authorities are cited to the effect that if the town has the right to remove the sidewalk, its motives, even though they be fraudulent, would be irrelevant to the inquiry. Bond v. Newark, 19 N.J. Eq. 376 et al. However that may be, if fraudulent motives were solely to oppress and resulted in injury, the doctrine of the cases would not apply. Improper motives are not established. The charge is that the ordinance cutting down the sidewalk was adopted to force the complainant to sell a strip of its lot at a price which it was unwilling to take. The street was opened over the narrow strip adjoining complainant's property as an expedient for the ever increasing automobile traffic. The officials of the town availed themselves of the land at hand to meet the immediate necessity, contemplating a widening to coincide with the width at Church street and taking of complainant's property eventually for the improvement. When the proposed purchase of complainant's lot was rejected by the voters, they sought another way to relieve the situation, by the purchase of a part of complainant's lot, and unsuccessful in that, resorted to the only course left open — to cut down the sidewalk on both sides of the street. That, on the complainant's side played a less important part in foot travel, and only eighteen inches was left, not for sidewalk, but to protect traffic against collision with complainant's building. The thing uppermost and pressing was to serve the automobile traffic at this congested point, and to attribute evil motive to the town in taking its own property, the sidewalk, to ease the situation, is as unworthy as would be to charge the complainant with taking unfair advantage of the town necessity by demanding an exhorbitant price for its property. There is a marked distinction between circumventing another's aspirations and oppressing him into submission.
The bill will be dismissed. *Page 226