ROSE E. KELLER, TERESA K. KORMANN, GERTRUDE A. KORMANN AND LOUISE M. KORMANN, RELATORS, v. BOARD OF COMMISSIONERS OF THE TOWN OF IRVINGTON AND HARRY J. STANLEY, COMMISSIONER OF PUBLIC SAFETY, RESPONDENTS.

Submitted May term, 1929—Decided November 7, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the relators, *Donald M. Waesche.*

For the respondents, *Charles H. Stewart.*

PER CURIAM.

The relators have a rule to show cause why a writ of *mandamus* should not issue requiring the respondents to issue to the relators a permit for a gasoline station in Springfield avenue, in Irvington. There is presented to the court

a stipulation of the facts that the location of the proposed station is in an exceedingly busy part of the town, that in the immediate vicinity there are three other such stations, and that it is located within a zoning district permitting such uses.

The application was refused by the town authorities and justification for such refusal, according to the brief of the defendants, is predicated on an ordinance which provides that it shall not be lawful to manufacture, keep, sell, use or handle any gasoline, &c., without permit obtained from the commissioner of the department of public safety or the inspector of the department when countersigned by the commissioner.

Section 2 of the ordinance provides that the department of public safety is authorized to issue such permit and to enforce the provisions of the ordinance and to revoke such permits "whenever conditions become hazardous." It is argued that a discretionary power is given to the commissioner by the ordinance and that this discretion was properly exercised adversely to the applicants in the present case. We do not so regard the ordinance.

Section 6 of the ordinance provides that the buildings used in such stations shall be open to inspection of the department; that the department shall from time to time formulate and issue such further rules and regulations as exigencies may warrant.

Section 10 authorizes the department to revoke any permit if in the judgment of the commissioner of the department violations of the rules and regulations warrant such action.

Section 11 provides for the conviction and punishment for any violation of the provisions of the ordinance.

We think the proper construction of the ordinance is that the issuance of the permit upon compliance with its terms is a right existing in the owner which cannot be denied him by the department or the commission.

It must be remembered that the owner of property has fundamental rights therein and among these are the right to possess and use it in such fashion as he pleases except in so

far as he may be restrained by lawful legislation under the police power of the state and provided that its possession or use may not become a nuisance.

The respondents in the present case have seen fit to regulate by ordinance a use which, though permitted by law, may become dangerous if not hedged about by reasonable and proper restriction. These regulations contemplate measures of such character already existing, and the formulation of other measures beyond those already existing is entrusted to the department of the commissioner of public safety. Whether the reposing of such authority is permissible we are not called upon to determine as no such rules have been promulgated. The power conferred on the commissioner is to grant a license when the regulations provided by ordinance have been complied with, and the provision of the ordinance that a permit when granted may be revoked when in the opinion of the commissioner "conditions become hazardous," must be construed not as vesting an arbitrary power in the commissioner to revoke but that such revocation shall rest upon the noncompliance with the rules and regulations governing the operation of the station. So dangerous a power as contended for by the respondents will not be inferred except upon the clearest authority and that we do not find in the present case.

In this view it is unnecessary to consider whether a power of revocation would be valid and whether, if so, it would by analogy imply a power to reject the application when initially made.

The facts being undisputed, a peremptory writ of *mandamus* is awarded.