On December 11th, 1933, the Drive-To Department Stores, applied for and obtained from the city of Newark, a license "to conduct the business of a department store," under an ordinance adopted March 8th, 1933. The ordinance provides:
"1. It shall be unlawful for any person, * * * or corporation, to engage in the sale of meats, groceries and provisions, dry goods and merchandise and goods and chattels of every kind, in the City of Newark, without first having obtained from the Board of Commissioners of the City of Newark a license so to do, and having first paid a fee of One Dollar ($1.00)."
At an informal conference of the city commissioners on December 18th, 1933, certain merchants and residents objected to the action theretofore taken in granting the license, whereupon the commissioners adopted a motion to rescind their previous action, and caused to have a resolution prepared which was to be introduced at the meeting of the commissioners to be held the following day, December 19th, 1933, formally revoking the license. The reason for the threatened action of the commissioners is set forth in the affidavit of the mayor, as follows: "At the conference held at this time and place sufficient appeared to convince me that the nature of the business which the corporation intended to conduct was not that of the conventional and ordinary department store, but was in the nature of a large market such as is now being conducted by the Big Bear in Elizabeth, New Jersey." (Italics mine.) Affidavits of other commissioners are to the same effect. *Page 224 
The complainants, relying upon the license theretofore granted, incurred considerable expense, and made contracts for alterations in the premises which it leased, and now bring this bill to enjoin the city of Newark and the city commissioners from interfering with the conduct of its business. The matter is before me on bill, order to show cause containing restraint, and motion to dismiss the bill of complaint for want of equity.
The legislature, by P.L. 1917 p. 358; P.L. 1918 p. 958 (Cum.Supp. Comp. Stat. §§ 136-1501), as amended by P.L. 1929 p.406, delegated the power to the governing body of every municipality "to make, enforce, amend or repeal ordinances to license and regulate: * * * stores for the sale of meats, groceries and provisions, dry goods and merchandise, and goods and chattels of every kind, * * * in the place or places of business or premises in which or at which the different kinds of business are to be conducted." The legality of the ordinance under which the commissioners assumed to act is questioned by complainants because, they argue, the power delegated by the legislature was not attempted to be exercised by the city of Newark since the ordinance does not provide for any regulation, and is therefore void. The question of the validity of the ordinance, however, is not one properly before this court and will not be passed upon. It is a question to be raised uponcertiorari in the courts of law. This court, however, has full and complete jurisdiction to prevent municipalities from acting under invalid proceedings when property rights will be destroyed and where the remedy at law for damages will be inadequate.
The city authorities evidently considered it proper to give ear to objecting merchants in the neighborhood who are their constituents, but the principles of law recognize no such policy. With us it is not a matter of expediency, political or otherwise. It is and must be a matter of property right. The security of property depends upon the observance of that principle. The property right of complainants is established herein and the threatened interference on the part of the defendants is without justification. *Page 225 
It must be conceded that complainants have an undeniable right to engage in the business of a department store. The ordinance forbids their so doing except, to use its language, "without first having obtained from the board of commissioners of the city of Newark a license so to do, and having first paid a fee of one dollar." The power thus sought to be exercised is without legal force since it is not conferred by the act of the legislature. The commissioners have reserved to themselves discretionary power to give to one and withhold from another the privilege of engaging in a business otherwise entirely lawful except upon license, which they may grant or refuse. Village of SouthOrange v. Heller, 92 N.J. Eq. 505. Further, the proof discloses that after listening to the unsworn statements of objecting merchants at an informal conference they gave as a reason for their action in moving to rescind the license theretofore granted that complainants do not intend to conduct the "conventional" and "ordinary" department store. The ordinance does not provide or recognize any such thing as conventional and ordinary kinds of business, and the reason assigned for the action of the commissioners is not a valid ground in law or under the ordinance. Moreover, neither the statute nor the ordinance provide for a revocation of the license, and such right will not be inferred, and only on the clearest authority will it be exercised. Keller v. Board of Irvington, 7 N.J. Mis. R. 977;147 Atl. Rep. 646. The revocation is also threatened without a hearing, and as it is a judicial act, where the power is properly exercised, it requires notice and actual hearing. Lambert
(State) v. Mayor, c., of Rahway, 58 N.J. Law 578.
It was held by Vice-Chancellor Pitney in North Jersey StreetRailway Co. v. Inhabitants of the Township of South Orange,58 N.J. Eq. 83 (at p. 87), where a bill was filed to restrain the defendant by its township committee from adopting an ordinance forfeiting the right of the complainant acquired under a previous ordinance to construct, operate and maintain a street railway in said township, and where the township insisted upon its right to take such proceeding, claiming it to have been reserved in the original ordinance *Page 226 
granting the franchise that, "for present purposes, admitting this to be so, and that the defendant corporation by its township committee is fully authorized to act judicially upon the subject-matter and to render a decree such as it proposes to render, and to execute that decree, it still follows that a court of equity has the same power to interfere in the conduct of that judicial proceeding as it would if it were conducted in a court of law. And this position is clearly sound, notwithstanding the fact that it may be supposed that the ordinance in question will not stand the test of a writ of certiorari; for it is perfectly well settled that if the action of the judicial jurisdiction is in any particular contrary to the principles of equity to such an extent as to induce a court of equity to intervene and arrest or modify the proceedings, the fact that there may be a remedy at law on other grounds is not generally a sufficient reason to induce a court of equity to withhold its appropriate preventive remedy based on grounds not available at law."
The proofs disclose an attempt to use authority unreasonably and without due consideration of the rights of the complainants. An injunction may always go to restrain an illegal and excessive use of authority. Bayonne v. Borough of North Arlington,77 N.J. Eq. 166.
It is clear that the commissioners in the instant case are not acting or assuming to act under the provisions of the ordinance in question, and for the purposes of this case it is entirely unnecessary to decide or consider the question raised as to the validity of the ordinance, for the ordinance does not provide for revocation of license, and what is still more important, does not attempt to classify the kinds of business to be licensed into such as may be regarded as conventional and ordinary kinds of business. The attempt to interfere with the business of the complainants therefore is unlawful and unwarranted and not predicated upon lawful authority.
Complainants will suffer irreparable damage, because relying upon the granted license, the complainant Drive-To Department Stores not only entered into a leasehold and became obligated by contracts for repairs and alterations, but in addition *Page 227 
thereto will suffer the loss of profits from the business which it is ready to open and conduct if the threatened action of the commissioners is not enjoined. For this damage complainants have no adequate remedy at law, and a court of equity will not, under the circumstances, withhold its preventive remedy.
The motion to dismiss the bill of complaint is denied and preliminary injunction will issue.