STIRLING DISTRIBUTORS, INC., complainant-appellee,

*v.*

JOHN B. KEENAN, Director of Public Safety of the City of Newark, New Jersey, et al., defendants-appellants.

[Submitted May term, 1944. Decided September 14th, 1944.]

*Mr. Philip J. Scholland* and *Mr. Charles S. Gansler,* for the defendants-appellants.

*Mr. Charles Handler,* for the complainant-appellee.

The opinion of the court was delivered by

BODINE, J.

The appeal in this case is from a decree in the Court of Chancery restraining the Director of Public Safety of the City of Newark from confiscating certain so-called baseball games owned and leased by complainant.

The question for determination was whether the device in question was a gambling device within the meaning of *R. S. 2:135–2. State* v. *Brandt, 122 N. J. Law 488.* The issue

was tried in the Court of Special Sessions and the determination was favorable to the complainant who then proceeded. to final hearing in the Court of Chancery and secured a permanent injunction as mentioned.

The learned Vice-Chancellor said of the device in question: "A fair example of all the machines in question is the 'baseball machine,' which presents on a table a miniature baseball field. The player drops a five cent piece in a slot; the mechanism pitches a ball; the player presses a button which releases the bat and he may make a base hit, or better, or he may not. The dominant element that determines the result is chance, not skill. For five cents, the machine pitches 15 balls at four-second intervals and the game is over. If the player has average luck, he has made four runs."

The coin which starts the mechanism is eventually spent. There is no free play nor prizes or a return of any money. The device is a game which those who want to play may do by purchasing the right. That players may bet on the outcome is not determinative, since bets may be placed by those who would on almost any occurrence. Since the game is not in the nature of a gambling device it does not fall within the ban of the statute, and because complainant's financial loss would be great had a court of equity not intervened that court had jurisdiction. *Ruty* v. *Huelsenbeck,* *109 N. J. Eq. 273.*

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, DILL, JJ. 12.

*For reversal*—DONGES, PERSKIE, JJ. 2.