The complainants seek to subject the defendant to temporary restraint of the nature expressed in the prayer of their *Page 599 
bill. The defendant in resisting the application challenges the sufficiency of the bill.
Succinctly stated, the bill alleges that Edward Geschwind and Eugene Hoffman acquired a parcel of land in the Township of Piscataway in the County of Middlesex, and in 1943 they obtained from the Board of Adjustment of the township permission to maintain and conduct on the premises a slaughterhouse "until the cessation of hostilities and three months thereafter." The premises nevertheless continued to be used for such purpose when on March 20th, 1946, the complainants for a consideration of $15,000 purchased the property and the business thereon conducted. The complainants upon acquiring the property obtained the requisite periodical permits from the State Department of Health, the last of which does not expire until June 30th, 1947.
On July 1st, 1946, the complainants were notified by the secretary of the Board of Adjustment of the township that they were operating the slaughterhouse on their premises in violation of the provisions of the zoning ordinance of the township, and they were summoned to appear before the Board of Adjustment on the evening of July 30th, 1946.
On that date the complainants were for the first time directly informed that the maintenance of a slaughterhouse at any location within the township was in violation of the municipal ordinance. It was also then ascertained by the complainants that their vendors had conducted their business by virtue of a special privilege sanctioned by the Board of Adjustment. The complainants submitted an application for a similar permit and presented in their behalf a petition signed by ten or twelve persons residing in the neighborhood of their property. The Board of Adjustment, it is alleged, thereupon granted permission to the complainants to continue to conduct their business at that location until July 31st, 1947.
However, on August 1st, 1946, the Board of Adjustment without notice to the complainants rescinded their previous action and directed the complainants to cease the further pursuit of their business on September 9th, 1946. Cf. Lambert v. Rahway,58 N.J. Law 578; 34 Atl. Rep. 5; Balling *Page 600 
v. Elizabeth, 79 N.J. Law 197; 74 Atl. Rep. 277. The complainants operated their business establishment on September 21st, 1946, and they were immediately prosecuted and convicted of violating the zoning ordinance and sentenced to pay a fine.
Tersely stated, the complainants in their bill charge that the ordinance invoked to prohibit them from pursuing their business is invalid in that the business of slaughtering edible animals is a lawful occupation, and that the zoning ordinance does not restrict, limit, or regulate the use of property in such a business but absolutely prohibits the conduct of such a lawful business anywhere in the municipality. New Jersey Good Humor,Inc., v. Bradley Beach, 124 N.J. Law 162; 11 Atl. Rep. 2d113; First Church, c., v. Board of Adjustment, Newark,128 N.J. Law 376; 26 Atl. Rep. 2d 246; O'Mealia OutdoorAdvertising Co. v. Rutherford, 128 N.J. Law 587; 27 Atl. Rep.
2d 863; Phillips v. East Paterson, 134 N.J. Law 161;46 Atl. Rep. 2d 667. Cf. R.S. 26:3-31, as amended by P.L.1946, ch. 211 § 1 k.
At the argument I conceived and expressed the idea that the validity of the ordinance should appropriately be determined at law through the avenue of certiorari. Such is the normal course of action by which proceedings of municipal corporations are reviewed. I was informed that the solicitors of the complainants had applied to a single justice of the Supreme Court for a writ of certiorari for that purpose and that the application was denied. Indeed, it is contended on behalf of the defendant that the denial of the application for the writ constitutes an adjudication of the lack of merit in the allegations of the present bill. That point is of course vaporous.
The major argument that every municipality in the State of New Jersey can in the exercise of its police power, regardless of the circumstances and the reasonableness of the interdiction, absolutely prohibit the maintenance and operation of a slaughterhouse within its boundaries is a proposition to which I must hesitate to express my approbation. The police power is not infinite and illimitable.
In the present cause the bill reveals that a slaughterhouse *Page 601 
has been continuously conducted on the premises with the approval of the municipal authorities since 1943. The affidavit discloses that the property is surrounded by a "dump," a railroad right of way, and by open fields. Apparently the surroundings of the property have not changed but the owners have.
The zoning ordinance ordains that "each and every day that such violation continues after such notice, shall be considered a separate and specific violation of this Ordinance." The bill charges that the municipal authorities are alert to prosecute the complainants.
The complainants will be obliged to breach existing contracts with employees and customers, and should it be determined that the agents of the municipality acted unlawfully in their performance of governmental functions, the complainants would have no redress against the municipality for the consequential losses.
The distressful situation of the complainants as it is at present portrayed by the declarations of the bill and the accompanying affidavits has an influential appeal to a court of equity.
I ascribe some significance also to the circumstance that these complainants initially sought to obtain a remedy at law, without avail. While this court ought to be reluctant to intrude upon the province of the Supreme Court to determine the debatable legality of municipal proceedings, yet it must be acknowledged that a court of equity nevertheless has full and complete jurisdiction to dispense its appropriate preventive remedy where property rights will be irreparably destroyed by reason of acts of municipal representatives which are unlawful or in excess of their authority. New Jersey Street Railway Co. v. SouthOrange, 58 N.J. Eq. 83; 43 Atl. Rep. 53; Bayonne v. Borough ofNorth Arlington, 77 N.J. Eq. 166; 75 Atl. Rep. 558; reversed on other grounds, 78 N.J. Eq. 283; 79 Atl. Rep. 357; New YorkStaats-Zeitung v. Nolan, 89 N.J. Eq. 387; 105 Atl. Rep. 72;Driveto Department Stores v. Newark, 115 N.J. Eq. 222;170 Atl. Rep. 29; Howard Co. Jewelers v. New Jersey State Board ofOptometrists, 133 N.J. Eq. 4; 29 Atl. Rep. 2d *Page 602 742; Stirling Distributors v. Keenan, 135 N.J. Eq. 508;39 Atl. Rep. 2d 79; S. R. Amusement Corp. v. Quinn,136 N.J. Eq. 420; 38 Atl. Rep. 2d 571.
In the circumstances of the present cause, the motion to strike the bill is denied and preliminary restraint will issue.