Upon the filing of the bill and affidavits herein the defendants were ordered to show cause why they should not be restrained and enjoined according to the prayer of the bill.
The bill in substance alleges that on or about November 8th, 1946, the defendant Edward J. Spoerer, superintendent of buildings of the City of Jersey City, issued to complainants a permit to make certain alterations to their existing bakery located at 377-379 Palisade Avenue, Jersey City, New Jersey, which had been operated by them and their predecessors for more than thirty years last past.
The permit was issued after the necessary plans, specifications, drawings, c., were filed and the requirements of the building code fully complied with. *Page 187 
Upon the granting of the permit, complainants on November 25th, 1946, executed contracts for the performance of all the work and for the material called for by the plans and specifications for the alterations totaling $14,000. The contractors proceeded with the alterations by making necessary excavations, and pouring concrete footings which were to support the building. Steel which was to be used in the alteration work had been cut and materials had been delivered and are presently located on the premises and are subject to a condition of deterioration due to exposure to the elements.
On December 5th, 1946, a member of the Jersey City police department notified the complainants that the work of alterations would have to be stopped. The following day, December 6th, 1946, complainants were advised that a hearing on the prosecution of the work would be held on December 10th, 1946, before the Board of Adjustment of the City of Jersey City.
They were not apprised of any charge or accusation preferred against them, or of any alleged infirmity in the building permit. No notice of any appeal or petition of review from the issuance of the permit was served upon them. Nevertheless, the complainants attended the hearing before the Board of Adjustment where protestants appeared, none of whom asserted any infirmity, irregularity or invalidity in the permit. The Board of Adjustment found none. The protests of those appearing at the hearing was, in effect, that the operation of the bakery was too noisy. That complaint had never before been heard during the more than thirty years' operation of the bakery by the complainants and their predecessors. The hearing, which appeared to be informal, resulted in a direction from the Board of Adjustment to the superintendent of buildings to revoke the permit. He has not done so.
On the argument of the order to show cause the defendants filed no affidavits or answer. They orally contended that complainants' remedy, if any, was by certiorari proceedings at law and that this court was without jurisdiction.
The allegations in the complaint and the supporting affidavits, being the only records in these proceedings, must be *Page 188 
accepted as the facts. While the defendants orally challenge the jurisdiction of the court it is my opinion that their contention is without weight. This court has power to relieve the complainants from the danger of immediate and irreparable damage where they have no adequate compensation or remedy at law, and in my opinion there is no remedy for them at law. They undoubtedly will suffer irreparable damage and business losses if they are prevented from altering their building as authorized by the permit. They in good faith entered into contractual obligations for the alterations. Therefore, under all the attendant circumstances, it would be highly inequitable to deny their application for relief.
There is nothing here to indicate that a question of the validity or irregularity of the permit issued as aforesaid has been raised; nor has the question been raised of the use of the building by the complainants under the zoning ordinance.Iannella v. Piscataway Township, 138 N.J. Eq. 598;49 Atl. Rep. 2d 491. The defendants' contention that the complainants' remedy is by certiorari in a law action is without force under the existing facts. There being no written appeal or notice thereof, or any written notice given to complainants, or written record of the protests made, it would be difficult to assume how the proceedings of the Board of Adjustment could be reviewed by certiorari. The Board has no record showing that the complainants are prevented from using their validly issued permit by the police, acting apparently through verbal instructions, nor has it a record to show the loss of $14,000 by the complainants, or the injury to them by denying them the right to operate their bakery; nor the impairment of the capital they have invested in their business. Certainly a verbal record cannot be regarded as part of a record to a prerogative writ.
I shall advise an order to conform with the views herein expressed. *Page 189