19 N.J. Super. 408 (1952)
88 A.2d 632
ABELSON'S, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND MONROE SMALLZMAN, PETITIONERS,
v.
NEW JERSEY STATE BOARD OF OPTOMETRISTS, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1952.
Decided May 6, 1952.
*409 Before Judges McGEEHAN, JAYNE, and GOLDMANN.
Mr. William A. Consodine argued the cause for petitioners (Messrs. Crummy & Consodine, attorneys; Mr. John J. Gibbons, on the brief).
Mr. William K. Miller, Special Deputy Attorney-General, argued the cause for respondent (Mr. Theodore D. Parsons, Attorney-General; Mr. Henry F. Schenk, Deputy Attorney-General).
Mr. Louis Adler argued the cause for intervenor (Messrs. Adler & Adler, attorneys; Mr. Joseph Moritz, on the brief and of counsel).
The opinion of the court was delivered by JAYNE, J.A.D.
In pursuance of Rule 3:81-10 the plaintiffs seek by the presentation of their petition a declaratory judgment concerning the validity of certain administrative regulations promulgated by the New Jersey State Board of Optometrists and filed on March 27, 1951, with the Secretary of State. R.S. 45:12-4.
The discretion of the Legislature relative to the regulation of the profession of optometry has recently engaged the *410 attention of our Supreme Court in Abelson's, Inc., v. N.J. State Board of Optometrists, 5 N.J. 412 (1950). The opinion therein rendered unmistakably charts the path of reasoning to be pursued by this court in the consideration and determination of the present action. See, also, the opinion of Judge Stein, 3 N.J. Super. 332 (Ch. Div. 1949), which was modified by the Supreme Court, supra, and N.J. State Board of Optometrists v. M.H. Harris, Inc., 14 N.J. Super. 66 (App. Div. 1951).
The specific regulations here impugned by the petition are:
"3. No optometrist shall be permitted to advertise in any media except newspapers, periodicals, and professional cards.
4. No optometrist shall be permitted to advertise using any information except that found on a professional card. A professional card shall contain only the name, title, profession, degrees, address, telephone number and office hours of the licensed optometrist."
The pertinent section of the statute to which our attention is invited is R.S. 45:12-11(h) as amended L. 1948, c. 350, p. 1405, § 4. The Supreme Court has said:
"* * * The authority to make rules and regulations for the effectuation of the statutory policy is administrative and not legislative, if its exercise is confined by certain and definite standards of action, even though the regulations be given the force and effect of law. It is a corollary of this principle that the rules and regulations and administrative action cannot subvert or enlarge upon the statutory policy or the rules and regulations therein set down. Administrative implementation cannot deviate from the principle and policy of the statute."
Abelson's, Inc., v. N.J. State Board of Optometrists, supra, on p. 423 et seq.
Moreover the Supreme Court announced (on p. 422):
"The phrase `false, fraudulent or misleading advertising' constitutes a standard of conduct sufficiently definite and certain to permit of enforcement by the administrative agency without trenching upon the legislative domain. Generally, it embraces advertising that is intentionally false, deceitful or delusive or calculated to lead astray or *411 to cause error. There can be no difficulty in classifying conduct in relation to this standard. That category does not embrace advertising that is entirely devoid of these elements; it does not serve to bar all advertising, however truthful, merely because advertising in itself is not deemed good professional practice. While the question is essentially one of intention, viewing the statute as a whole, the office of a proviso is `to limit and restrict the operation of the enacting clause,' and not to enlarge it. It is often used merely to insure against possible misunderstanding of the enacting clause. New Jersey State Board of Optometrists v. S.S. Kresge Co., supra. A penal provision is to be strictly construed."
Implicit, we think, in the exposition of the principles by the Supreme Court is the persuasion that regulations such as those hereinbefore quoted transcend the boundaries of the legislative standard. We, of course, have in mind the prohibitory application of the regulations to advertising that is not "intentionally false, deceitful or delusive or calculated to lead astray or to cause error," a factual matter concerning which there is no proof or mutual acknowledgment in the circumstances of the present inquiry.
And then we have in view the decision in N.J. State Board of Optometrists v. M.H. Harris, Inc., supra, in which the Appellate Division considered an alleged violation of the proviso contained in R.S. 45:12-11(h). The accusation was that the defendant "did display its name in lettering larger than four inches in height at its street level office." There was no evidence that the lettering was false, fraudulent, or misleading. The order vacating the conviction of the defendant was affirmed.
In harmony with the rationale of the adjudications to which reference has been made, the conclusion is that the regulations designated as Nos. 3 and 4 and herein specifically identified surpass the authority at present delegated to the defendant by the Legislature and are accordingly invalid. Vide, Cherry v. Board of Regents of University, 289 N.Y. 148, 44 N.E.2d 405 (Ct. App. 1942).
It has been stipulated that "The State Board of Optometrists is opposed to the display of sun glasses in store windows or display cases and has so advised optometrists." Upon *412 scrutinizing the pleadings it is observed that in paragraph 15 of the petition the plaintiffs allege that "they were advised that the Board would not permit the display of sun glasses in their store windows or display cases." In answer to that paragraph of the petition, the defendant responds that "It has no information or knowledge sufficient to form a belief with respect to the allegation of paragraph 15 * * *." In paragraph 19 of the petition the plaintiffs allege that "the Board is attempting to prohibit display of sun glasses * * *." The defendant in its amended answer denies that allegation.
Rule 3:81-10 confers upon us the authority to review "the validity of any administrative rule promulgated by any State Administrative Agency * * *," and directs that the petition shall set forth the rule being attacked. The composition of the stipulation, the restricted import of the allegations of the petition, the averments of the defendant's answer and the inexistence in the record of any stated formal rule or regulation on the subject which is claimed to have been duly promulgated by the board, leads us to believe that none has in fact been officially adopted. Moreover, observe N.J. Const. (1947), Art. V, Sec. IV, par. 6.
If we turn our attention to Rules 3:81-8, 9, 13, we immediately perceive their irrelevancy and inapplicability since the plaintiffs do not in the present action seek the review on appeal of some final decision or action of the state administrative agency. Cf. Family Finance Corp. v. Gough, 10 N.J. Super. 13 (App. Div. 1950).
For us to undertake merely to accomplish a reconciliation of the discordant or oppugnant ideas, impressions and opinions existing between the plaintiffs and the members of the board concerning the public display of sun glasses by optometrists would constitute a distortion of the design of Rule 3:81-10 in pursuance of which the present action was instituted. Perhaps the state board is "opposed" to the display of eyeglasses including sun glasses because the members entertain the conviction that the exhibition offends *413 R.S. 45:12-11(j) or that it is an unethical practice in the pursuit of the profession of optometry.
Without an official regulation on the subject the characteristics of which we can consider, we can do no more than repeat the conclusion of the Supreme Court in Abelson's, Inc., v. N.J. State Board of Optometrists, supra, on p. 423:
"* * * But subsection (j) forbids the display of spectacles, eyeglasses, frames, mountings, lenses, eyeglass cases, and ophthalmic instruments, tools and material of every kind, `or advertising of a commercial nature in office windows or reception rooms or in display cases outside of the offices, where the display of such merchandise, material or advertising would make it visible from the street.' The need for this regulation as a means to the end sought to be attained is a matter exclusively for the judgment of the Legislature."
Additionally the plaintiffs in the prayer of their petition implore us to "declare what type of advertising is permitted under the statutes of this state concerning optometry." We do not have such a catalogue on hand, and we decline to prepare one.
Judgment in accordance with the conclusions herein expressed.