TERRELL, Justice.
Appellants are registered optometrists under the law of this state. Appellees constitute the Florida State Board of Optometry, which will hereinafter be referred to as the Board. It promulgated rules and regulations governing the practice of optometry. Appellants filed their complaint charging said rules and regulations to be ultra vires and discriminatory. It prayed that the Board be restrained from enforcing them. The complaint was dismissed and the plaintiffs appealed.
The point for determination is whether or not Rules 20, 21, 22, 23, 24, 25, and 27, governing the practice of optometry are violative of the constitution and laws of Florida, in that they exceed the power of the Board to enact them.
Appellants contend that these rules enlarge on ■or exceed the statutory power of the Board to such extent that they are arbitrary and unconstitutional and should be stricken down. New Jersey State Board of Optometrists v. M. H. Harris, Inc., 14 N.J.Super. 66, 81 A.2d 387; Abelson’s, Inc. v. New Jersey State Board of Optometrists, 19 N.J.Super. 408, 88 A.2d 632; Howard
*805 Co. Jewelers v. New Jersey State Board of Optometrists, 133 N.J.Eq. 4, 29 A.2d 742 and other cases are relied on to support thk contention. In further support of this premise appellants point out that Section 463.14 (1) F.S.A. inhibits optometrists “to advertise in any manner that will tend to mislead or deceive the public”, that the prohibitions contained in said rules in no way relate to misleading or deceiving the public, and being so, the Board exceeded its authority in promulgating them.
There is no question about the power of the Board to prescribe and enforce rules and regulations governing the practice "of optometry. The point is whether or not the rules promulgated exceeded the power of the Board as defined by the statute. The practice of optometry is recognized as a profession in this State, Section 463.01 F.S.A. It is administered by the Florida State Board of Optometry, Section 463.02, F.S.A. Section 463.05, F.S.A. authorizes said Board to promulgate rules and regulations and is as follows:
“Said board shall have the power and it shall be its duty to enforce this law and to prosecute all violations of this law, and to make rules and regulations not inconsistent with the provisions of this law, governing the practice of optometry, and to make such other rules and regulations to carry out the provisions of this law as it may consider necessary to the proper performance of its duties.”
The rules complained of are substantially those embraced in the Code of Ethics governing optometrists and relate to' advertising by members of that profession. Section 463.11, F.S.A. being pertinent, provides :
“* * * and the advertising by any means whatsoever of treatments or advice in which- untruthful, improbable, misleading, or impossible statements are made * * *” shall be considered “unprofessional conduct.”
“* * * to advertise, practice, ■ or attempt to practice under a name other than his own * * *.”
Section 463.14 (1) F.S.A. is also pertinent and provides:
“(1) It is unlawful for any person, firm or corporation * * * to advertise in any manner that will’ tend to mislead or deceive the public * * *»
Appellant contends that these provisions of the statute constitute the law on the question of advertising by optometrists and that when the Board by rule limited the size of lettering on the office windows and doors, prohibited the display of eyeglass signs, painted or decalcomania eyes, limited the use and content of professional cards, regulated announcements and directory-advertising, prohibited the display of op-thalmic material and merchandise through office windows or doors, that such rules have no relation whatever to the statutory standard requiring that optometrists shall not advertise “in any manner that will tend to mislead or deceive the public”. The practice of optometry as defined by law, Section 463.01, F.S.A., has to do with the “diagnosis of the human eye and its appendages, and the employment of any objective or subjective means or methods for the purpose of determining the refractive powers of the human eyes, or any visual, muscular, neurological or anatomic anomalies of the human eyes and their appendages, and the prescribing and employment of lenses, prisms, frames, mountings, orthoptic exercises, light frequencies and any other means or methods for the correction, remedy, or relief of any insufficiencies or abnormal conditions of the human eyes and their appendages.” In order to become a skilled practitioner, the optometrist is required to undergo four years of professional training in preparation to practice his profession, his- work involves one of the most delicate organs of the human body. The power to make rules and regulations “not inconsistent with the provisions of this law * * * and to make such other *806 rules, and regulations to carry out the provisions of this law as it may consider necessary” involves a very broad discretion. Each and every one of the rules complained of has been éxamined and while some of them may be said to explain, expand, or expound the statute, we cannot say that they are not contemplated by it or comprehended in the power conferred.
Codes of Ethics governing professional conduct are designed to protect both the professional and the welfare of the public. Appellees suggest that appellants’ grievance is laid on the fact that they want to compete with the optician which they cannot do under the rules complained of. If any phase of the opticians’ business overlaps that of the optometrist and vice versa, there would be no legal objection to casting the rules so as to confine both businesses in their proper field. This is particularly true as to optometrists and the opticians because literally thousands of the lay public do not distinguish the difference between them and have no conception of the wide divergence that bounds them.
It is accordingly our view that the rules complained of are within the express or implied authority of the Board to promulgate and that they are not only valid but necessary to effectuate the full intent and purpose of the law.
The judgment assaulted is therefore affirmed.
Affirmed.
THOMAS, SEBRING and MATHEWS, JJ., concur.
ROBERTS, C. J., and HOBSON and DREW, JJ., dissent.