DREW, Justice
(dissenting).
The rules referred to in the main opinion and to which the appellants object, are as follows:
Rule 20.
"No registered Optometrist shall display any sign containing other than his name, profession, and office hours. No such sign may be used except on office windows or in connection with an entrance to his office. Lettering in such signs may not be luminous or illuminated, and must not be more than 4" in height for street level or 7" in height above street level.”
Rule 21.
“No registered Optometrist shall display eyeglass signs or painted or decalcomania eyes anywhere or in any manner or form of advertising.”
Rule 22.
“No registered Optometrist shall use other than his professional card in any publication or in any public display medium. Such card shall contain no more than his name,' profession, office location, telephone number, office hours, the language ‘eye examination by appointment’ and/or the language ‘practice limited to —--’ (any orte optometric specialty). Such card shall not exceed one column by two (2) inches in any publication or public display medium.”
Rule 23.
“Any registered Optometrist may publish a one column two (2) inch professional announcement as distinguished from a professional card. Such professional announcement shall be limited to a statement of the original establishment of an office, and that there has been a change in the professional personnel, and/or location. Publication of such announcements shall not exceed a period of three months.”
Rule 24.
“No registered Optometrist shall use or permit any advertising of his professional services by the medium of advertising known as ‘display advertisement.’ Display advertising is hereby defined as any advertising containing any information thereon or therein other than the name, office address, *807 telephone number- and hours open for service of the Optometrist so advertising. Display advertising shall also include advertising in any listing or directory of whatever kind or character containing other than the usual and contemporary advertising contained in such listing or directory, either with respect to the size of such advertising or otherwise, and shall also include the use of bold-face type or any other type of printed matter which may in any manner reasonably constitute an attempt to attract special attention to himself, in any telephone .or other public directory or public display medium.”
Rule 25.
“No registered Optometrist shall display any merchandise, ophthalmic material or instruments, or such advertising of any kind, in or through the windows or doors of his office.”
Rule 27. ' ' -
“Window displays of any registered Optometrist are prohibited. A window display is defined and construed -by the Board as • any advertising or public display on the window or windows of the office of any registered Optometrist, which would be prohibited in any other form of advertising or other public display medium as set forth in any of these amended rules and regulations.”
Section 463.05, Florida Statutes 1951, F.S.A., gives the Board the power to enforce the law under discussion, to prosecute all violations thereof and “to make rules and regulations not inconsistent with the provisions” of the law governing the practice of optometry, and to make such other rules and regulations as the Board deems necessary to the proper performance of its duties under the act.
Section 463.11, Florida Statutes 1951, F.SA., provides that “advertising by any means whatsoever of treatments or advice in which untruthful, improbable, misleading, or impossible statements are made” shall be considered unprofessional conduct. Again, in the same section, an optometrist is prohibited “ * .* * to advertise, practice, or attempt to practice under a name other than his own * * *.”
Section 463.14 (1), Florida Statutes 1951, F.S.A., provides “It is unlawful for any person, firm or corporation * * * to advertise in any manner that will tend to mislead or deceive the public; * * *.”
The above quoted excerpts from the optometrists’ law clearly limit the power of the Board in the adoption of rules and regulations relative to advertising. The Legislative intent is clear that lawful regulations of the Board bn this subject could encompass only that type of advertising which would tend to mislead or deceive the public. The rules which are the subject of this litigation go far beyond the limits prescribed by the Legislature. An almost identical situation was passed on in the case of Abelson’s, Inc. v. New Jersey State Board of Optometrists, 19 N.J.Super. 408, 88 A.2d 632. In that case the New Jersey Court held two sections' of New Jersey regulations similar to the regulations hereunder attacked, invalid. I think the reasoning in that opinion is expressly applicable to the situation herp.
In reaching this conclusion, I am not unmindful of the fact that the code of ethics of the Optometrists Association encompass the provisions contained in the regulations and that from an ethical point of view the regulations are highly justified. The question here, however, is one of statutory construction. It was within the power of the Legislature to provide the limitations within which the Board could regulate the practice of the profession. The regulations adopted exceeded those limits and are therefore invalid under principles which have long been recognized by this Court.
For the above reasons I respectfully dissent.