CARROLL, Judge.
Appellants, members of the state board of funeral directors and embalmers, appeal from an adverse final decree rendered in an equity suit after trial before the chancellor. The decree denied appellants’ application to enjoin the appellee, a licensed funeral director, from advertising other than in the limited and restricted manner permitted by a rule of the plaintiffs.
Chapter 470, Fla.Stat., F.S.A., dealing with funeral directors and embalmers contemplates and permits advertising,[1] and the only restriction imposed is against misleading or inaccurate advertising.[2] The board was given power to make rules and regulations relating to the subject and to carry out the provisions of the law, “for the protection of the peace, health, safety, welfare and morals of the public.” [3] Acting there *247 under the hoard promulgated the questioned rule, as follows:
“Rule 712. Advertising. No licensee, apprentice or other person, firm or corporation associated or in any wise connected with a funeral establishment shall use or sponsor use of any advertising in any manner whatsoever, provided * * * that any of the aforesaid may publish death and funeral notices and may advertise in any newspaper, program, trade journal, or any other periodical provided the advertising space shall not exceed three column inches and said advertisement shall be restricted to the name, address and telephone number of the funeral home, funeral director or directors, and whether ambulance service is available.
“Memorial books, acknowledgment cards and professional cards shall not be construed as advertising.
“Signs on Funeral Homes, Mortuaries, or Funeral Establishments or on vehicles shall be construed as signs of identification and not advertising.
“This Rule pertaining to advertising shall not apply to any bona fide advertising contract in writing as of March 11, 1957, and advertising already purchased may continue until January 1, 1958, but any bona fide contract for advertising in writing as of March 11, 1957, and all advertising except that authorized by Rule 712 shall be terminated by January 1, 1960.
“Any form or type of advertising not specifically mentioned shall be disallowed.”
That rule limited the size of published or printed advertisements to “three column inches,” and restricted the contents to the name, address and telephone number of the advertiser and to stating the availability of ambulance service. It should be noted that with minor exceptions as to acknowledgments and business or professional cards and as to signs on the places of business or vehicles, the rule disallowed any form or type of advertising not specifically mentioned therein. Under that rule there could be no advertisement of prices, nor of services or merchandise.
The provision of the statute (§ 470.12(2) (i) for revocation of the license of a licensee for knowingly engaging in advertising which is “misleading or inaccurate in any material particular” limits the power of the board in making rules relating to advertising. The board was unable to show that the restrictive rule served any purposes of public health, safety or morals. The restrictions beyond those encompassing or dealing with the type of advertising which tends to mislead, deceive or defraud the public were not authorized to be made, and the questioned rule went beyond the scope of the statutory authority in that respect. Therefore the chancellor was eminently correct in rejecting the rule as being beyond the limits prescribed by the legislature, and in dismissing the cause. See State ex rel. Hathaway v. Smith, 160 Fla. 485, 35 So.2d 650, 652; Lee v. Delmar, Fla.1953, 66 So.2d 252, 255. See also 1 Fla.Jur., Administrative Law, §§ 90, 92; I Davis, Administrative Law, pp. 299, 358 (1958). Cf. Town of Miami Springs v. Scoville, Fla.1955, 81 So.2d 188; Trinka Services v. State Board of Mortuary Science, 40 N.J.Super. 238, 122 A.2d 668.
Appellants relied on the case of Fisher v. Schumacher, Fla.1954, 72 So.2d 804, which upheld a rule relating to advertising by optometrists, but we do not consider that case controlling. There optometry was recognized as a profession, because of the extensive schooling required of its practitioners and the nature of the personal services and skills involved. Undertaking or mortuary practice is a business rather than a profession, and the fact that it is referred to in certain instances in the regulatory statute as a profession does not make it so. We do not agree with the West Virginia deci *248 sion[4] which classed this business as a profession. The part of the business which is scientific is small in relation to the whole, a large part of which is the sale of personal property. The services performed and the merchandise furnished are generally standardized. Business competition indicates the need to advertise. In the opticians’ case it was brought out that advertising by them was opposed by an applicable code of ethics. In the instant case, it was shown that not only is there no ethical code against advertising in that business, but the policies of national organizations of funeral directors favor such advertising.
The restrictions in the rule, going as they did beyond the authority conferred by the statute, represented an unlawful restraint on the use and enjoyment of the defendant’s business, in violation of the constitutional guarantees on which defendant relied.
Affirmed.

. § 470.10(6) Fla.Stat., F.S.A.

. § 470.12(2) (i), id.

.§ 470.04, Fla.Stat., F.S.A.

. Quesenberry v. Estep, 142 W.Va. 426, 95 S.E.2d 832.