338 So.2d 1291 (1976)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
PAN AMERICAN CONSTRUCTION CO., Etc., et al., Respondents.
No. CC-389.
District Court of Appeal of Florida, First District.
October 18, 1976.
*1292 George L. Waas, Tallahassee, for petitioner.
Francis L. Carter and William L. Gray, III, of Blackwell, Walker, Gray, Powers, Flick & Howell, Miami, for respondents.
BOYER, Chief Judge.
The Department of Transportation (DOT) seeks review by way of certiorari of a final order declaring Rule 14-76.03, FAC invalid.
The genesis of the controversy is found in a petition for fair hearing filed by Pan American Construction Company (Pan American) with the Division of Administrative Hearings challenging the validity of the asphalt price adjustment rules adopted by DOT pursuant to F.S. 337.143. After Pan American filed an amended petition two hearings were held. Following the second hearing, the legislature enacted amendments to F.S. 337.143, altering the asphalt price adjustment formula which served as the basis for the rule challenged by Pan American. Those amendments were signed into law on June 17, 1976. (Please see Chapter 76-174, Laws of Florida 1976) Pursuant to the 1976 amendments, DOT adopted implementing emergency rules which purport to supersede the rules challenged by Pan American in their amended petition for fair hearing. On June 28, 1976, the hearing examiner issued the final order of which review is now sought. Being clear, succinct and concise, no useful purpose will be served by paraphrasing that order. It provides as follows:
"This matter came before this division on the Petition of the Pan American Construction Company filed under Section 120.56, Florida Statutes, challenging the validity of certain rules adopted by the Respondent, Department of Transportation. The rules challenged are in Chapter 14, Florida Administrative Code; specifically, 14-76.01 through.06. This chapter is headed PAYMENT ADJUSTMENT  BITUMINOUS MATERIAL.
"These rules have been adopted by the Department of Transportation under the authority of Section 337.143, F.S. In pertinent part that section states:
`(1)(a) The adjustment shall be calculated separately for each month during which bituminous material is incorporated into a project, using the following formula: Pa = Id plus 5 cents, where:

*1293 `1. Pa = The adjusted unit price for bituminous material; and
`(2) Id = The department's Asphalt Price Index in effect during the month in which the material is incorporated into the project.
`(b) The department shall determine the Asphalt Price Index by averaging quotations in effect on the first day of each month at terminals which could reasonably be expected to furnish bituminous materials to road construction projects in the state.'
"Section 120.56, F.S., states in part:
`(1) Any person substantially affected by a rule may seek an administrative determination of the invalidity of the rule on the ground:
`(a) That the rule is an invalid exercise of validly delegated legislative authority.
`(b) That the rule is an exercise of invalidly delegated legislative authority.'
"The Respondent, Department of Transportation does not challenge the fact that the Petitioners are substantially effected by the challenged rules and that they have adequate standing to file this Petition before this division. Petitioners claim that under Section 120.56, F.S., the rules in question are invalid exercises of valid legislative authority. Specifically, the Petitioners claim that the rules exceed and are contrary to the statutory authority of Chapter 373, F.S., which these rules allegedly implement. Section 373.143, F.S., permits adjustments to contract unit prices for bituminous material in contracts which bids were received by the Department of Transportation prior to April 1, 1974. That statute gives only one formula for reimbursement and gives a contractor the right or option to have this section applied to applicable contracts. Rule 14-76.03, F.A.C. requires a contractor to certify to the Department of Transportation the cost of materials and demonstrate the existence of irreparable economic harm in the performance of his contracts. The rule further goes on to elaborate on how the department may determine a variety of adjustments to the contract price. Rule 14-76.03(2), F.A.C., states in part:
`The department shall not pay any amount greater than that documented by each contractor and justified by the department, and in no event shall a department pay an amount which is greater than that authorized by the formula.'
"The statute gives the Department of Transportation no authority to elaborate on the price adjustment formula. The statute mandates the price adjustment by use of the statutory equation.
"Clearly, by rule, the department has attempted to modify the existing statute.
"While the statute gives only one formula for contract price readjustments regarding bituminous material, the rules of the Department of Transportation enlarge the statutory formula by adopting additional criteria which could reduce the contract price adjustments otherwise available to applicable contractors under the statute.
"The position of the Respondent, Department of Transportation, has been that the above referenced rules have been necessary to avoid giving contractors windfall profits. Such a response begs the question. The only issue in this proceeding is whether the rules have been adopted pursuant and conforming to statutory authority. Section 337.143, F.S. permits the Department of Transportation to adopt reasonable rules to implement the bituminous contract price adjustment formula, but does not give the Department any authority to modify the statutory formula. It is beyond dispute that an administrative agency may not adopt a rule which conflicts with or modifies an existing statute. State v. Atlantic Coast Line R. Co. [56 Fla. 617,] 47 So. 969, Louisville and N.R. Co. v. Railroad Commissioners [63 Fla. 491,] 58 So. 543, State ex rel. Railroad Commissioners v. Florida East Coast R. Co. [64 Fla. 112,] 59 So. 385, Atlantic Coast Line R. Co. v. State [106 Fla. 278,] 143 So. 255, Grissom v. Van Orsdel [(Fla.App.)] 137 So.2d 246, De Thorn v. Beck [(Fla.App.)] 280 So.2d 448. *1294 "Although the Petitioners claim they are challenging the validity of Rules 14-76.01 through .06, F.A.C., it is clear their real challenge is to 14-76.03, F.A.C. As it is undisputed that this rule attempts to modify and add to the single reimbursement formula contained in Section 337.143, F.S., it is similarly beyond dispute that Rule 14-76.03, F.A.C., is an invalid exercise of validly delegated legislative authority and is therefore invalid."
Challenging the order, DOT asserts two points:
"I. A SUBSTANTIVE CHANGE IN THE FORMULA PROVISION OF SECTION 337.143, FLORIDA STATUTES, UPON WHICH THE HEARING EXAMINER RELIED IN DECLARING INVALID RULE 14-76.03, F.A.C., WHICH CHANGE BECAME EFFECTIVE AFTER A HEARING BUT BEFORE ISSUANCE OF THE FINAL ORDER, RENDERS SUCH FINAL ORDER IN ERROR AS A MATTER OF LAW.
"II. THE FACT THAT RULE 14-76.03, F.A.C., WAS SUPERSEDED PRIOR TO THE ISSUANCE OF THE FINAL ORDER RENDERS SUCH FINAL ORDER IN ERROR AND A HEARING EXAMINER WHO DERIVES HIS AUTHORITY FROM CHAPTER 120, FLORIDA STATUTES, DOES NOT HAVE THE AUTHORITY TO DECLARE INVALID RULE 14-76.03, F.A.C., WHEN SUCH RULE IS SUPERSEDED SUBSEQUENT TO A HEARING BUT PRIOR TO THE ISSUANCE OF A FINAL ORDER."
The statute here construed has subsequently been amended by the 1976 session of the legislature (Ch. 76-174, Laws of Florida), and the rules of petitioner here construed have been superseded by rules adopted under the new statute. Petitioners contend that this cause is now moot because of the change in the statute and rules. While normally the law as it exists at the time of review will be applied to a pending case, in this proceeding, begun under the old law and rules adopted pursuant to it, we consider that respondents are entitled to construction of such law and rules. Their rights under contracts with petitioner which were in existence during the life of the former statute and rules may be affected by the construction of that statute and the rules adopted pursuant to it.
We have carefully considered the petition and supporting briefs and find them to be without merit. Accordingly, the Petition for Writ of Certiorari is
DENIED.
McCORD and MILLS, JJ., concur.