387 So.2d 454 (1980)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant/Cross-Appellee,
v.
Joan McTIGUE, Appellee/Cross-Appellant.
Nos. PP-195, PP-226.
District Court of Appeal of Florida, First District.
August 14, 1980.
*455 George L. Waas, Tallahassee, for appellant/cross-appellee.
Catherine B. Tackney and John T. Chandler, Fort Pierce, for appellee/cross-appellant.
LARRY G. SMITH, Judge.
This is an appeal and a cross-appeal from a final order entered by a hearing officer, Division of Administrative Services, holding that Rule 10D-36.21(2), Florida Administrative Code, is an invalid exercise of delegated legislative authority, and that Rule 10D-36.22(a)(1)2 constitutes a valid exercise of delegated legislative authority. We affirm the hearing officer's invalidation of Rule 10D-36.21(2), requiring a lay midwife license applicant to furnish a written statement from a licensed Florida physician, as an unlawful exercise of delegated legislative authority. However, we disagree with and reverse the determination that Rule 10D-36.22(a)(1)2, requiring the applicant to furnish the name of patients whose deliveries have been previously attended, constitutes a valid exercise of delegated legislative authority.
An applicant for a license to practice midwifery must possess qualifications, under Section 485.031(4)(b), Florida Statutes (1977), including the requirement that the applicant
(b) Have attended under the supervision of a duly licensed and registered physician not less than 15 cases of labor and have had the care of at least 15 mothers and newborn infants during lying-in period of at least 10 days each; and shall possess a written statement from said physician that she has attended such *456 cases in said 15 cases, with the date engaged and address of each; and that she is reasonably skilled and competent and establish the fact that she is reasonably skilled and competent to the satisfaction of the Department... .
To implement the above statute, the Department enacted Rule 10D-36.21(2) by defining "physician" as "a person who shall have been duly licensed in Florida to practice medicine or osteopathy." Appellee McTigue, who attended a two-year training program for physician's assistant in the State University of New York in Stoneybrook, was unable to furnish a written statement from a physician duly licensed in Florida, because all of her training and experience occurred in New York under the supervision of a New York physician. In support of her application she furnished a statement by Dr. Reagan, licensed as a physician in New York, but not in Florida, certifying her compliance with the experience requirement of the statute.
We adopt the cogent reasoning and the law as applied by the hearing officer. The word "physician", as used in the statute, has a plain and ordinary meaning usually denoting a practitioner of medicine, a person duly authorized or licensed to treat diseases (Black's Law Dictionary, Third Edition); a person skilled in the art of healing; specifically, a doctor of medicine (Webster's Seventh New Collegiate Dictionary). Applying the rule of statutory construction that words are to be given their plain and ordinary meaning, it is obvious that a "physician", unless the wording of the statute or the context requires otherwise, could be a physician duly licensed under the laws of any state, not just Florida. By adding the requirement that the physician be a Florida physician the rule is an invalid exercise of delegated legislative authority because it modifies the statute by adding an additional criterion to be met by the applicant. State, Department of Transportation v. Pan American Construction Company, 338 So.2d 1291 (Fla. 1st DCA 1976). We find no indication from the statute that the supervising physician furnishing the written statement must be licensed in Florida. This requirement could easily have been imposed by simply adding the word "Florida" had the legislature so intended. We reject the Department's contention that reference must be made to Chapter 458, Medical Practice Act, to determine the meaning of the word "physician". Unless statutes have a common aim or purpose and scope, and relate to the same subject, object, thing or person, they are not in pari materia. Singleton v. Larson, 46 So.2d 186 (Fla. 1950). We find no basis for such a reading of the two statutes here in question.
Turning to the challenge to Rule 10D-36.22(a)(1)2, raised by appellee's cross-appeal, we have determined, much on the same reasoning as above, that the portion of the rule requiring the applicant to list the "patient's name," in addition to the "date engaged and address" of each delivery referred to in the experience requirement of the statute (Section 485.031(4)(b)), constitutes an invalid exercise of delegated authority and must be held invalid, contrary to the hearing officer's decision.
The Department urges that its authority, under Section 485.051, Florida Statutes, to "... make such rules and regulations as it may deem necessary for regulating the practice of midwifery," is authority for its rule requiring the applicant to furnish a list of the names of the patients attended by the applicant. We disagree, based upon the principle that, where there is in the same statute a specific provision, and also a general one that in its most comprehensive sense would include the matters embraced in the former, the particular provisions will nevertheless prevail and the general provision must be taken to affect only such cases as are not within the terms of the particular provision. 30 Fla.Jur. Statutes, § 121, p. 285; Bryan v. Landis, 106 Fla. 19, 142 So. 650 (1932); Department of Health and Rehabilitative Services v. Florida Psychiatric Society, 382 So.2d 1280 (Fla. 1st DCA 1979).
Subsections (a), (b) and (c) under Section 485.031(4) provide alternative qualifications *457 to be met by applicants for a license. While there is obviously room for some rule-making and regulation by the Department in connection with each of the alternative subsections, the Department is not authorized to add to or modify those provisions which spell out with particularity the criteria which must be met in order to be eligible for a license. We hold, therefore, that the physician's statement concerning births attended by the applicant is sufficient if it contains the "date engaged and address of each", in accordance with the statute, without necessity for providing the name and address of the patient. The additional information called for by the Department is not required under the statute, and as a practical matter, since appellee's experience and all of the deliveries which she attended occurred at the same address, the Nassau County Medical Center, East Meadow, New York, she had no record of the names and home addresses of the patients whose births she attended. Appellee appropriately points out that the rule, as adopted by the Department, would operate to bar applicants such as appellee, trained in a modern educational facility, while admitting the more informally trained applicant. Although we do not base our decision upon the wisdom of the agency in adopting the rule, nor the merits or utility of the rule itself, we note appellee's assertion that there are privacy interests which would be infringed upon by requiring compliance with the rule, instead of the statute; and while the addition of the patient's name might well operate to facilitate the Department's investigation or evaluation of license applications, we believe this to be an insufficient reason for overriding the specific statutory language, particularly in the absence of a showing that the skill, competence and fitness of an applicant cannot be determined by less intrusive means.
AFFIRMED in part and REVERSED in part.
SHAW, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.