WENTWORTH, Judge.
Appellant seeks review of an administrative order by which the Department of Professional Regulation, Construction Industry Licensing Board, determined that appellant was ineligible to take the general contractor’s examination for state certification. We find that this determination was made upon an impermissible interpretation of the pertinent statute, and we therefore reverse the order appealed.
Shortly after receiving state certification as a building contractor appellant applied to take the general contractor’s examination. The Construction Industry Licensing Board declined to allow appellant to take the examination, indicating that she did not meet the statutory criteria. Appellant obtained an administrative hearing and asserted that she meets the eligibility requirements of section 489.111(2)(c)4c Florida Statutes. This statute provides that: An active certified building contractor is eligible to take the general contractor’s examination if he possesses a minimum of 4 years of proven experience in the classification in which he is certified. The parties stipulated that appellant does have four years of actual experience in the building contractor field, but that such experience was gained prior to appellant’s state certification.
The hearing officer concluded that section 489.111(2)(c)4c merely requires four years of actual experience as a building contractor and that such experience does not necessarily have to be acquired as a certified contractor. The hearing officer therefore recommended that appellant’s application to take the general contractor’s examination be approved.
The Construction Industry Licensing Board rejected the hearing officer’s recommendation, interpreting section 489.-lll(2)(c)4c to require four years of experience as a certified contractor. This interpretation would effectively modify the statute so as to impose an additional criterion which the legislature has not required. The statute as enacted has a plain and direct meaning susceptible of common understanding, and the context of the *1228 wording does not support the interpretation adopted. We agree with the hearing officer’s conclusion that the plain meaning of the statute requires only four years of actual experience as a building contractor, and that such experience need not be obtained while certified. By imposing the additional requirement of certified experience the Construction Industry Licensing Board has exceeded its authority. See State Department of Health and Rehabilitative Services v. McTigue, 387 So.2d 454 (Fla. 1st DCA 1980).
The order appealed is reversed.
SMITH, C.J., and BOOTH, J., concur.